FILED
COURT OF APPEALS
DIVISION II

2014 OCT 21 AM 9: 15

STATE OF WASHINGTON

BY
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| BIG BLUE CAPITAL PARTNERS OF WASHINGTON, LLC, | No. 44810-6-II |
| Appellant, | |
| v. | |
| NORTHWEST TRUSTEE SERVICES, INC., | UNPUBLISHED OPINION |
| Respondent. | |

MAXA, J. — Big Blue Capital Partners of WA, LLC (Big Blue) appeals the trial court's dismissal of its claims for damages and declaratory relief under Washington's Deed of Trust Act (DTA), ch. 61.24 RCW, against Northwest Trustee Services, Inc. (NWTS) under CR 12(b)(6). We affirm the trial court's dismissal of Big Blue's damages claims based on our Supreme Court's recent decision in *Frias v. Asset Foreclosure Services, Inc.*, No. 89343–8, 2014 WL 4648173 (Sept. 18, 2014). We do not address Big Blue's contention that the trial court erred in dismissing its declaratory relief claims because Big Blue presented no argument on this issue on appeal.

Big Blue also asserts that the trial court erred in denying its oral motion to join additional parties. However, we also do not address this contention because Big Blue presented no argument on this issue.

We affirm the trial court's dismissal of Big Blue's complaint.

# FACTS

*Deed of Trust Transactions*

In 2006 Dawne Delay obtained a loan from Homecomings Financial Network, Inc. (Homecomings). This loan was evidenced by a promissory note and secured by a deed of trust encumbering Delay's real property located in Lacey. In the deed of trust, Homecomings was identified as "Lender," First American Title as "Trustee," and Mortgage Electronic Registration Systems, Inc. (MERS) as "a nominee for Lender and Lender's successors and assigns" where "MERS is the beneficiary under this Security Instrument." Clerk's Papers (CP) at 9.

Delay defaulted on the promissory note in March 2012. Three months later she filed for Chapter 7 bankruptcy relief in the United States Bankruptcy Court for the District of Oregon.

At some point, ownership of Delay's promissory note was transferred from Homecomings to another entity and from that entity to Deutsche Bank Trust Company Americas (Deutsche Bank) as Trustee for RALI 2006-QSI4, both via a special indorsement on the face of the note. In addition, in September 2012, MERS (as nominee for Homecomings) assigned all beneficial interest in the deed of trust on Delay's property to Deutsche Bank.

Big Blue purchased Delay's Lacey property from the bankruptcy trustee through a trustee's deed dated November 7, 2012 and recorded the deed on December 12, 2012. The deed states that Big Blue assumed Delay's interest in the property subject to all existing encumbrances, liens, and interests.

On November 28, 2012, as the "present beneficiary" under the deed of trust, Deutsche Bank appointed NWTS as the successor trustee of the deed of trust. CP at 14. NWTS posted a

2

notice of default, apparently on the promissory note that is the subject of this action, on the Lacey property on December 6, 2012.

*Procedural History*

Big Blue filed its complaint on January 7, 2013, naming NWTS as the only defendant. In the complaint, Big Blue asserted claims for violation of the DTA. Big Blue alleged that NWTS had issued the notice of default without being a lawfully appointed successor trustee to the deed of trust in violation of RCW 61.24.010(2) and (8), and had acted in bad faith as trustee in violation of RCW 61.24.010(4). In addition, Big Blue sought a declaratory judgment that (1) MERS's assignment of the deed of trust was void, (2) Deutsche Bank's appointment of NWTS as successor trustee was void, (3) the notice of default was void because it contained false statements and was executed without authority, and (4) NWTS was prohibited from proceeding with a nonjudicial trustee sale.

NWTS filed a motion to dismiss Big Blue's complaint under CR 12(b)(6). The trial court granted the motion and dismissed Big Blue's complaint, ruling that Big Blue had no cause of action against NWTS. The court also noted that "all of the parties necessary to rule on some of these issues are simply not before the Court today" and that there may be some declaratory judgment issues relating to Deutsche Bank. Report of Proceedings (RP) at 18. Big Blue requested leave to amend its complaint to add additional parties as defendants. The trial court denied this oral motion, stating that Big Blue needed to bring an entirely different lawsuit against the proper parties.

Big Blue appeals.

3

## ANALYSIS

After we heard oral argument in this case, our Supreme Court decided *Frias*, WL 4648173. In *Frias*, the court held that the DTA does not create an independent cause of action for monetary damages for alleged DTA violations in the absence of a completed foreclosure sale. WL 4648173, *4. Here, Big Blue filed suit before a foreclosure sale had occurred, and there is no indication that a sale had occurred before the trial court dismissed the case. Therefore, under *Frias* we hold that Big Blue had no cause of action for damages for alleged DTA violations.

The trial court dismissed Big Blue's complaint on other grounds. However, we can affirm the trial court on any basis. *Rainier View Court Homeowners Ass'n, Inc. v. Zenker*, 157 Wn. App. 710, 723, 238 P.3d 1217 (2010) (appellate court "may sustain a trial court on any correct ground, even one the trial court did not consider."). Therefore, we hold that the trial court did not err in dismissing Big Blue's damages claims.[1]

Big Blue also asserted claims for declaratory relief under the DTA, seeking to void assignment of the deed of trust to Deutsche Bank, appointment of NWTS as trustee, and the notice of default. In addition, Big Blue sought to enjoin NWTS from proceeding with the foreclosure sale. On appeal, Big Blue assigns error to the trial court's dismissal of its case when there was a cause of action in the complaint for declaratory judgment.

---

[1] Because *Frias* controls, we do not address the merits of Big Blue's arguments regarding NWTS's alleged violations of the DTA. In addition, we do not address NWTS's arguments that (1) Big Blue cannot challenge the validity of the deed of trust because it purchased the property subject to the deed of trust, and (2) Big Blue is estopped from asserting any claims because Delay did not identify any such claims in her bankruptcy proceeding.

4

44810-6-II

However, we do not address this issue because in this appeal Big Blue did not present any argument on its declaratory relief claims. A party waives an assignment of error not supported by sufficient argument or citation to the record. *Skagit County Pub. Hosp. Dist. No. 1 v. Dep't of Revenue*, 158 Wn. App. 426, 440, 242 P.3d 909 (2010). Therefore, we affirm the trial court's dismissal of these claims.

Finally, Big Blue assigns error to the trial court's denial of its oral motion to join additional parties. However, because Big Blue also did not provide any argument on this issue on appeal, Big Blue has waived this issue and we do not address it. *Skagit County Pub. Hosp.*, 158 Wn. App. at 440. Therefore, we affirm the trial court's denial of Big Blue's motion to join additional parties.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record pursuant to RCW 2.06.040, it is so ordered.

MAXA, J.

We concur:

WORSWICK, P.J.

LEE, J.

5